# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00030-MR

| | |
|---|---|
| **BRANDON PICKENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **STEVEN HENDRICKS, et al.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the U.S. Marshals Service's ("USMS") return of an executed summons for Defendant Steven Hendricks [Doc. 16 at 7-8].

The Complaint passed initial review on several defendants including Defendant Steven Hendricks, a police officer, and the USMS was ordered to effectuate service. [Doc. 13]. The *pro se* incarcerated Plaintiff filled out and returned a summons form for Defendant Hendricks at the Asheville Police Department's mailing address. [Docs. 13, 15]. The summons was returned as executed on September 2, 2021. [Doc. 16 at 7-8]. However, the certified mail return indicates that the summons was delivered to a post office box and the receipt was signed by an individual other than Defendant Hendricks. [Id.].

Rule 4(e) of the Federal Rules of Civil Procedure governs the service of process upon individuals in the United States and provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode or (2) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Rule 4(e) also provides that service of process may be accomplished pursuant to the law of the state in which the district court sits. Id. North Carolina's requirements for service of process are virtually identical for all practical purposes with the requirements of Rule 4. See N.C. R. Civ. P. 4(j)(1).

It does not appear that the Plaintiff made any attempt to serve Defendant Hendricks personally in the manner prescribed by Rule 4(e). See N.C. R. Civ. P. 4(j)(1)(c) (service may be made by registered or certified mail, return receipt requested, addressed to the party to be served and "delivering it to the addressee."); see, e.g., McCreary v. Vaughan-Bassett Furniture Co., Inc., 412 F.Supp.2d 535 (M.D.N.C. 2005) (service was not properly effected on an individual by USMS placing a summons and complaint in the corporation employer's post office box).

2

Case 1:21-cv-00030-MR   Document 19   Filed 09/17/21   Page 2 of 4

The Plaintiff will therefore be required to fill out and return a summons form for service of process on Defendant Hendricks within fourteen (14) days of this Order pursuant to Rule 4(e). Once the Court receives the completed summons form, the Clerk shall then direct the USMS to effectuate service on Defendant Hendricks. Failure to timely comply with this Order will likely result in the dismissal of Defendant Hendricks from this action without prejudice and without further notice.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiff shall fill out and return a summons form for service of process on Defendant Hendricks within **fourteen (14) days** of this Order. Failure to timely comply with this Order will likely result in the dismissal of Defendant Hendricks from this action without prejudice and without further notice.

(2) The Clerk is respectfully instructed to mail a summons form to the Plaintiff for the Plaintiff to fill out and return for service of process on Defendant Hendricks. Once the Court receives the completed summons form, the Clerk shall then direct the USMS to effectuate service on Defendant Hendricks. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

**IT IS SO ORDERED.**

Signed: September 17, 2021

Martin Reidinger
Chief United States District Judge