# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00030-MR

| | |
|---|---|
| **BRANDON PICKENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **STEVEN HENDRICKS, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Motion to Strike Defendant's Response [Doc. 24] and the Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss [Doc. 27].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred during a traffic stop. [Doc. 1]. The Complaint passed initial review on claims that the Defendants violated his Fourth Amendment rights, and the Court exercised supplemental jurisdiction over the Plaintiff's claims pursuant to North Carolina law. [Doc. 13]. Defendants J.D. Lambert, Katherine Lewis, Jeff May, Quentin Miller, and Western Surety Company filed Answers on September 9, 2021. [Docs. 17, 18]. Defendant Steven Hendricks was served on September 27, 2021, and he was granted an extension of time to file an answer or otherwise

respond to the Complaint until November 18, 2021. [Doc. 23]. Defendant Hendricks filed a Motion to Dismiss on November 18, 2021. [Doc. 25]. On November 22, 2021, the Court issued on Order notifying the Plaintiff of his right to respond to the Motion to Dismiss. [Doc. 26].

The Plaintiff now moves to strike several statements from the Defendants' Answers "for lack of evidence and prejudice." [Doc. 24]. It appears that the Plaintiff is seeking relief under Rule 12(f) of the Federal Rules of Civil Procedure, which allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001). A defense should be deleted if it "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action…." Id.

While the Plaintiff expresses his disagreement with several of the Defendants' factual statements, he has failed to demonstrate any defect such as insufficiency, redundancy, or immateriality. Further, he will be able to challenge the Defendants' factual assertions during the litigation of this matter. Accordingly, the Plaintiff's Motion to Strike will be denied.

2

Case 1:21-cv-00030-MR   Document 29   Filed 12/20/21   Page 2 of 3

The Plaintiff also seeks a 30-day extension of time within which to respond to Defendant Hendrick's Motion to Dismiss. [Doc. 27]. He asserts that he received the Court's November 22 Order on December 6, but that he never received the Motion to Dismiss. After receiving the Plaintiff's Motion seeking an extension of time, Defendant Hendricks filed an Amended Certificate of Service noting that the Motion to Dismiss was mailed to the Plaintiff's correct address on December 14, 2021. [Doc. 28]. The Plaintiff's Motion for Extension of Time will be granted for good cause shown.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's *pro se* Motion to Strike Defendant's Response [Doc. 24] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss [Doc. 27] is **GRANTED**, and the Plaintiff shall have until **January 17, 2022** to respond to the Motion to Dismiss.

**IT IS SO ORDERED**.

Signed: December 17, 2021

Martin Reidinger
Chief United States District Judge