IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00030-MR

BRANDON PICKENS,                )
                                )
            Plaintiff,          )
                                )
vs.                             )
                                )     **MEMORANDUM OF
STEVEN HENDRICKS, et al.,       )     DECISION AND ORDER**
                                )
            Defendants.         )
_____ )

**THIS MATTER** comes before the Court on Defendant Steven Hendricks' Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted [Doc. 25].

**I.    BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred during a January 20, 2018 traffic stop. The Complaint passed initial review on several claims, including a Fourth Amendment claim against Defendant Hendricks for obtaining a warrant for a body cavity search of the Plaintiff based on a warrant application that Hendricks knew to contain false and misleading information. [Doc. 1 at 4; Doc. 13 at 9-10].

Defendant Hendricks filed the instant Motion to Dismiss arguing that the Plaintiff failed to state a claim and, alternatively, that qualified immunity applies. [Doc. 25]. The Court notified the Plaintiff of the opportunity to respond to Defendant's Motion and cautioned him that the failure to do so may result in the Defendant being granted the relief that he seeks by way of the Motions to Dismiss. [Doc. 26]. The Plaintiff filed a Response [Doc. 30], and Defendant Hendricks filed a Reply [Doc. 31]. The Plaintiff then filed a Surreply [Doc. 32], which is not an authorized filing pursuant to the Court's Local Civil Rules, and will be stricken.[1] See LCvR 7.1(e). The Motion to Dismiss is now ripe for adjudication.

## II. STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering such a motion, the court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. When considering a motion to dismiss, the Court is obligated to construe a pro se

---

[1] Even if the Court were to consider the Surreply, it would not change the outcome of this proceeding.

complaint liberally, "however inartfully pleaded[.]" Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540 (4th Cir. 2017) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Although the Court accepts well-pled facts as true, the Court is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012).

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256. Namely, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to

3

survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III. FACTUAL BACKGROUND

Viewing the well-pled factual allegations in the Complaint as true, the following is a recitation of the relevant facts.

On January 20, 2018, Defendant May allegedly received a tip from a concerned citizen regarding a parked vehicle at an address where the Plaintiff was visiting as a guest. Defendant May ran the parked vehicle's registration and determined that it belonged to the Plaintiff. A deputy or deputies then looked into the Plaintiff's criminal history, learned that he had prior drug offenses, and set up surveillance on the residence. That afternoon, the Plaintiff and a passenger left the residence in Plaintiff's vehicle, traveling towards Asheville. Defendant Lambert and/or other deputies followed the vehicle and stopped it in a convenience store parking lot. During that stop, the Plaintiff was cavity-searched in a gas station bathroom "pursuant to a search warrant that was based upon deceit by law enforcement." [Doc. 1 at 4]. Specifically:

> The cavity search was conducted based on [a] search warrant obtained by Steven Hendricks (a law enforcement officer

working in conjunction with the Deputies via phone and or other electronic communications) and which was based upon statements made to him via telephone by Deputy May and/or other Deputies.

The factual allegations in the application for the search warrant contained false and misleading statements. The Defendants knew the statements were false when they were made and knew these statements would be sworn to in order to obtain a search warrant allowing a "strip search."

That the factual allegations contained in the application for a search warrant, as sworn to by Defendant Hendricks and attributed to Defendant May, were taken from a template which these Deputies used repeatedly, making the same specific allegations as they had done in previous cases.

That the Deputies used a template, or a copy and paste type form, as to the specific factual allegations used to secure a search warrant knowing the allegations to be false and misleading. That upon information and belief, there exists a pattern of these Deputies to use such tactics to circumvent the constitutional rights of citizens.

[Doc. 1 at 4] (paragraph numbers omitted).

## IV. DISCUSSION

### A. Failure to State a Claim

A police officer violates the Fourth Amendment "if, in order to obtain a warrant, he deliberately or 'with reckless disregard for the truth' makes material false statements or omits material facts." Miller v. Prince George's Cnty., Md., 475 F.3d 621, 631 (4th Cir. 2007) (quoting Franks v. Delaware, 438 U.S. 154, 155 (1978)).

5

The Complaint alleges that Defendant Hendricks was not on the scene of the traffic stop, and that he wrote up the warrant application based on information he received from fellow officers, and upon which he was legally authorized to rely. See United States v. Ventresca, 380 U.S. 102, 111 (1965) ("Observations of fellow officers … engaged in common investigation are plainly a reliable basis for a warrant applied for by one of their number."). The Complaint alleges in a conclusory manner that Defendant Hendricks knew that the warrant application included false and misleading information. However, no factual allegations support this conclusory statement. Indeed, in opposing Defendant Hendricks' Motion to Dismiss, the Plaintiff argues that "[t]here is a ***possibility*** that Steven Hendricks was dishonest during the incident relating to the Complaint in the above-actioned case."[2] [Doc. 30] (emphasis added). The Plaintiff's speculation about Defendant Hendricks' dishonesty fails to state a claim that Hendricks deliberately or recklessly included false material statements in the warrant application, in violation of the Fourth Amendment. Therefore, Defendant Hendricks has demonstrated that the Plaintiff failed to state a claim against him and dismissal is warranted.

---

[2] The Plaintiff's arguments that he was previously convicted of a cocaine offense as a result of Hendricks' past police work, that Hendricks knowingly provided false information to obtain a search warrant in the cocaine case, and that he can prove that Hendricks is not credible, are irrelevant to the instant discussion regarding the sufficiency of the Complaint. [Doc. 30 at 1-2].

## B. Qualified Immunity

Qualified immunity "shields police officers who commit constitutional violations from liability when, based on clearly established law, they could reasonably believe that their actions were lawful." Estate of Jones by Jones v. City of Martinsburg, W. Va., 961 F.3d 661, 667 (4th Cir. 2020) (internal citation omitted). To determine whether qualified immunity applies, the courts conduct a two-step inquiry, in either order: "(1) whether a constitutional violation occurred; and (2) whether the right was clearly established at the time of the violation…." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 538 (4th Cir. 2017).

Defendant Hendricks argues in the alternative that he is entitled to qualified immunity because the Plaintiff has failed to demonstrate that it was objectively unreasonable for him to rely on information from his fellow officers in completing the warrant application. The Plaintiff has not attempted to rebut Defendant Hendricks' qualified immunity argument, and the Court finds it to be persuasive. Accordingly, Defendant Hendricks is likewise entitled to dismissal based on qualified immunity.

## V. CONCLUSION

For the reasons stated herein, Defendant Hendricks' Motion to Dismiss is granted, and the Plaintiff's Surreply is stricken as an unauthorized filing.

The Clerk will be instructed to terminate Officer Hendricks as a Defendant in this case.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant Steven Hendricks' Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted [Doc. 25] is **GRANTED** and this action is **DISMISSED WITH PREJUDICE** as to him.

(2) The Plaintiff's Surreply [Doc. 32] is **STRICKEN** pursuant to LCvR 7.1(e).

The Clerk is respectfully instructed to terminate Steven Hendricks as a Defendant in this case and to mail the Plaintiff a copy of the docket sheet, as well as a copy of this Order.

**IT IS SO ORDERED.**

Signed: April 25, 2022

Martin Reidinger
Chief United States District Judge