# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00030-MR

| | |
|---|---|
| **BRANDON PICKENS,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**STEVEN HENDRICKS, et al.,** )<br>)<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on:

1. The Plaintiff's pro se Motion to Alter or Amend Judgment on Defendant Hendricks' Motion to Dismiss [Doc. 36];

2. The Plaintiff's pro se Motion to Relate, Motion to Amend the Court's Scheduling Order and Motion to Modify the Court's Discovery Guidelines for this case [Doc. 39];

3. The Plaintiff's pro se Notice of Subpoena [Doc. 40] that was docketed as a Motion;

4. The Plaintiff's pro se Request for Court to Specify the Particulars of the Discovery and Modify Discovery [Doc. 41] that was docketed as a Motion;

5. The Plaintiff's pro se Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 42];

6. The Plaintiff's pro se Request for Extension of Time to Complete Discovery [Doc. 47];

7. Defendants J.D. Lambert, Jeff May, Katherine Lewis, and Western Surety Company's Motion to Stay Litigation [Doc. 48]; and

8. The Plaintiff's pro se Motion for an Order Compelling Discovery and Response in Opposition to Defendant's Motion to Stay Litigation [Doc. 49].

## I. INTRODUCTION

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred during a January 20, 2018 traffic stop involving the Plaintiff and his passenger, Marcus Hyatt.[1] The Complaint passed initial review on the Plaintiff's claims against Defendants J.D. Lambert, Jeff May, and Katherine Lewis, who are all Buncombe County Sheriff's Office (BCSO) deputies, for the traffic stop and Plaintiff's subsequent detention; false arrest and false imprisonment; the search of the vehicle and of Plaintiff's personal property; and against

---

[1] Hyatt and his girlfriend, Ashley Barrett, who was detained in a separate vehicle stop, filed a separate action that is presently pending in this Court, Hyatt v. Miller, Case No. 1:19-cv-00250-MR-WCM.

Lambert, May, Lewis, and Officer Steven Hendricks for the Plaintiff's body cavity search pursuant to an allegedly defective warrant. [Docs. 1, 13]. The Court exercised supplemental jurisdiction over the Plaintiff's North Carolina claims of false arrest, false imprisonment, assault and battery, and trespass to chattel, and for recovery on BCSO's surety bond against Western Surety Company. [Doc. 13].

Defendant Hendricks filed a Motion to Dismiss for failure to state a claim that was granted after the Plaintiff was provided the opportunity to respond. [Doc. 34; see Docs. 25, 26, 30, 32]. The Plaintiff now asks the Court to alter or amend the Judgment granting Defendant Hendricks' Motion to Dismiss [Doc. 36]. Defendant Hendricks has filed a Response [Doc. 43], and the Plaintiff has filed a Reply [Doc. 45].

After filing the Motion to Alter or Amend, the Plaintiff asked to Court to: treat this action as "related to" Hyatt v. Miller, Case No. 1:19-cv-250, because both cases involve "the same incident" and Hyatt is a witness in the instant case [Doc. 39 at 1]; "stay [the] scheduling order" in this action "until [the Court] reviews Plaintiff's Motion to Alter or Amend…." [Doc. 39 at 1; Doc. 46]; clarify the discovery rules and "modify the discovery guidelines" to allow the Plaintiff to send up to 25 questions to each party [Doc. 39 at 3; Doc. 40]; issue a subpoena to BCSO for materials including bodycam and dashcam

3

footage [Doc. 40]; and extend the time to complete discovery [Doc. 47]. The Defendants filed their own Motion to Stay this action, including its obligation to respond to the Plaintiff's discovery requests, pending the resolution of Hyatt v. Miller, because both cases arise out of the same facts and occurrences. [Doc. 48; see Doc. 44 (noting that "[a] determination as to the Hyatt v. Miller matter may be dispositive of this matter also….")]. The Plaintiff filed a Response stating that a stay should be granted only as to dispositive motions and a trial, but that discovery should proceed. [Doc. 49]. He asks the Court to compel the Defendants to respond to his outstanding discovery requests. [Id.]. He has also filed an IFP Application in which he appears to ask the Court to excuse him from paying the costs of discovery. [Doc. 42].

## II. DISCUSSION

### A. Motion to Alter or Amend

In his Motion to Alter or Amend, the Plaintiff seeks relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. He argues that, in granting Defendant Hendricks' Motion to Dismiss, the Court overlooked his allegation that the search warrant application contained information that was taken from a template that had been used in prior cases, upon which Hendricks should not have relied in obtaining the search warrant in Plaintiff's case. [Docs. 36, 45].

Rule 59(e) provides that a judgment may be altered or amended in order: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) is considered an "extraordinary remedy" which the Fourth Circuit has cautioned should be used only "sparingly" in exceptional circumstances. Id.

The Plaintiff's contention that the Court overlooked the template allegation is incorrect; the Court liberally construed and considered all of the Plaintiff's allegations, including the template allegation that is quoted *verbatim* in its Order. [Doc. 34 at 5]. The Court determined that the Complaint's conclusory and speculative allegations were insufficient to state a claim that Hendricks deliberately or recklessly included false material statements in the warrant application in violation of the Fourth Amendment, and granted Hendricks' Motion to Dismiss. [Id.]. The Plaintiff's disagreement with that conclusion provides no basis for Rule 59(e) relief. Accordingly, the Plaintiff's Motion to Alter or Amend is denied.

**B. Motions to Stay**

The parties agree that this case addresses the same incident and includes many of the same claims as Hyatt v. Miller, and that this action

5

should be stayed until Hyatt v. Miller is resolved. [Docs. 39, 44, 48]. While the Defendants ask the Court to stay this action in its entirety [Doc. 48], the Plaintiff states that he would like to proceed with discovery so that he may continue to gather information about the case, and he seeks to stay only dispositive motions and a trial [Doc. 49].

A court has the inherent authority to stay proceedings of a case, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The determination of whether to grant a motion to stay requires a balancing "of various factors relevant to the expeditious and comprehensive disposition of the cases of action on the court's docket." United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

The Court finds that the interests of justice and judicial economy favor staying this action until Hyatt v. Miller is resolved.[2] Allowing discovery to

---

[2] Hyatt v. Miller proceeded to a trial in March 2021 and the jury reached a partial verdict. [1:19-cv-250, Docs. 132, 134]. The parties stipulated that the Court may act as factfinder for all outstanding issues, which have been briefed. [1:19-cv-250, Docs. 137-141].

6

proceed during the stay, as the Plaintiff requests, would result in unnecessary expense and would defeat the purpose of the stay. Accordingly, the parties' Motions seeking a stay of these proceedings will be granted, except insofar as the Plaintiff requests that discovery be excepted from the stay, which request is denied.

The parties shall file a Status Report within 30 days of the Court's issuance of its judgment in <u>Hyatt v. Miller</u>, informing the Court of the instant case's status and whether any of the issues in the instant case have been resolved.

### C.     Remaining Motions

The Plaintiff's Motions to extend the scheduling order deadlines [Docs. 39, 47]; to modify the Court's discovery guidelines [Doc. 39, 41]; for the issuance of subpoenas [Doc. 40], and to compel discovery [Doc. 49], are denied as moot in light of this case's stay.

The Court will briefly address the IFP Application in which the Plaintiff appears to ask the Court to excuse him from paying the costs of discovery. [Doc. 42]. A litigant is ordinarily required to pay his own litigation expenses, even if he is indigent. <u>See</u> <u>generally</u> <u>United States v. MacCollom</u>, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress...."). The Plaintiff will therefore

be required to pay the costs of discovery when the stay is lifted and the case resumes. Accordingly, the IFP Application is denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pro se Motion to Alter or Amend Judgment on Defendant Hendricks' Motion to Dismiss [Doc. 36] is **DENIED.**

2. Defendants J.D. Lambert, Jeff May, Katherine Lewis, and Western Surety Company's Motion to Stay Litigation [Doc. 48] is **GRANTED**.

2. The Plaintiff's pro se Motion to Relate, Motion to Amend the Court's Scheduling Order and Motion to Modify the Court's Discovery Guidelines for this case [Doc. 39] is **GRANTED IN PART and DENIED IN PART** as stated in this Order.

3. The Plaintiff's pro se Notice of Subpoena [Doc. 40]; Request for Court to Specify the Particulars of the Discovery and Modify Discovery [Doc. 41]; Request for Extension of Time to Complete Discovery [Doc. 47]; and Motion for an Order Compelling Discovery [Doc. 49] are **DENIED AS MOOT**.

4. The Plaintiff's pro se Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 42] is **DENIED**.

8

Case 1:21-cv-00030-MR   Document 50   Filed 07/11/22   Page 8 of 9

5. This matter is **STAYED** pending the Court's issuance of its judgment in <u>Hyatt v. Miller</u>, 1:19-cv-00250-MR-WCM, after which the parties shall have **thirty (30) days** within which to file a Status Report informing the Court of the instant case's status and whether any of the issues in this case have been resolved.

**IT IS SO ORDERED.**

Signed: July 9, 2022

Martin Reidinger
Chief United States District Judge