# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:21-cv-00030-MR

BRANDON PICKENS,                    )
                                    )
                Plaintiff,          )
                                    )
vs.                                 )
                                    )
STEVEN HENDRICKS, et al.,           )               ORDER
                                    )
                Defendants.         )
_____   )

**THIS MATTER** is before the Court on:

1.  The Plaintiff's Motion to Certify Order in Multiple Claim Case [Doc. 87];

2.  The Plaintiff's Motion for Reconsideration [Doc. 99];

3.  The Plaintiff's "Motion for Relief from Judgment and Alternative Non-Party Motion for Relief From Judgment in Civil Action No. 1:19-cv-250-MR-WCM" [Doc. 104];

4.  The Plaintiff's Motion for Appointment of Counsel [Doc. 105];

5.  The Plaintiff's "Notice of Motion and Motion for Sanctions Fed. R. Civ. P. 11" [Doc. 109];

6.  The Plaintiff's "Motion to Compel Joinder of Party Who Must Be Joined Fed. R. Civ. P. 19(a) and (b)" [Doc. 110];

7.    Defendants Lambert, Lewis, and May's Joint Motion for Extension of Time to Respond to Plaintiff's Discovery Requests Pending Entry of Revised Case Management Deadline [Doc. 118];

8.    Defendant Seven Hendricks' Motion for Protective Order and Gatekeeper Order [Doc. 119];

9.    The Plaintiff's Motion for Reconsideration of the Plaintiff's Motion for Rule 11 Sanctions [Doc. 121];

10.    The Plaintiff's Motion for Use of Depositions Lawfully and Duly Filed in Former Action Fed. R. Civ. P. 32(a) [Doc. 125];

11.    The Plaintiff's Motion for Vacatur of Stay of Proceedings [Doc. 134]; and

12.    The Plaintiff's Motion to Lift Stay [Doc. 137].

## I.    BACKGROUND

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred during a traffic stop involving the Plaintiff and his passenger, Marcus Hyatt.[1]   The

---

[1] Hyatt and his girlfriend Ashley Barrett, who was detained in a separate vehicle stop, filed a separate action in this Court, Hyatt v. Miller, Case No. 1:19-cv-00250-MR-WCM.  The Plaintiff unsuccessfully moved to intervene in the Hyatt action and for relief from the Judgment in that case. [See 1:19-cv-250 ("Hyatt") Docs. 152, 159, 162, 163; April 24, 2023 Text-Only Order].

Complaint passed initial review on the Plaintiff's claims against J.D. Lambert, Jeff May, and Katherine Lewis, who are all Buncombe County Sheriff's Office (BCSO) deputies, for the traffic stop and the Plaintiff's subsequent detention; false arrest and false imprisonment; the search of the vehicle and of Plaintiff's personal property; and against Lambert, May, Lewis, and Officer Steven Hendricks for the Plaintiff's body cavity search pursuant to an allegedly defective warrant. [Docs. 1, 13]. The Court exercised supplemental jurisdiction over several claims under North Carolina law. [Doc. 13].

On November 18, 2021, Defendant Hendricks filed a Motion to Dismiss for failure to state a claim which was granted on April 25, 2022, after the Plaintiff was provided the opportunity to respond. [See Docs. 24, 25, 26]. The Plaintiff filed a Motion to Alter or Amend the Order granting Defendant Hendricks' Motion to Dismiss, which was denied on July 11, 2022. [Docs. 36, 50]. Also on July 11, 2022, the Court related the present action to Hyatt at the Plaintiff's request, and stayed this matter until the post-trial motions in Hyatt were resolved.[2]

---

[2] A jury reached a partial verdict at trial in March 2021, and the Court resolved the issues on which the jury was deadlocked in August 2022. See Hyatt v. Miller, 2022 WL 3130108 (W.D.N.C. Aug. 3, 2022).

3

The Plaintiff appealed the Order granting Defendant Hendricks' Motion to Dismiss and denying Plaintiff's Motion to Alter or Amend, Case No. 22-6891. [Docs. 50, 53]. While that appeal was pending, the Plaintiff filed a Motion in this Court to Certify Order in Multiple Claim Case. [Doc. 87]. On January 19, 2023, the Court deferred ruling on the Motion because its Rule 54(b) analysis would necessarily overlap with the pending appeal. [Doc. 96]. On January 20, 2023, the Fourth Circuit dismissed the Plaintiff's appeal for lack of jurisdiction because the orders that the Plaintiff sought to appeal "are neither final orders nor are they appealable interlocutory or collateral orders." Pickens v. Hendricks, 2023 WL 334002 (4th Cir. Jan. 20, 2023). The mandate issued on March 3, 2023. [Doc. 102].

The Judgment in Hyatt has now been satisfied and that case has been closed. [Hyatt Doc. 164 (Satisfaction of Judgment)]. The Court will now address the presently pending Motions.

## II. DISCUSSION

### A. Stay and Scheduling

As a preliminary matter, the parties agree that the stay of these proceedings should be lifted, as the Hyatt case has now been resolved. [See Doc. 112: Defendants' Status Report; Doc. 134: Plaintiff's Motion for Vacatur of Stay; Doc. 137: Plaintiff's Motion to Lift Stay]. The Plaintiff's Motions

[Docs. 134, 137] are, therefore, granted and the stay is lifted. The Court will amend the Pretrial Order and Case Management Plan [Doc. 35] to account for the stay as follows:

    (1) All discovery shall be completed no later than September 15, 2023;

    (2) All motions except motions *in limine* and motions to continue shall be filed no later than October 16, 2023.

Defendants Lambert, Lewis, and May seek an extension of time to respond to the Plaintiff's discovery requests to account for the stay of this action.[3] [Doc. 118]. The Plaintiff does not appear to object to the extension of time. [See Doc. 127]. The Defendants' Motion is granted and the Court will extend the deadline for the Defendants to respond to Plaintiff's discovery requests until 30 days from the date of this Order.

### B. Motion to Certify

The Plaintiff asks the Court to certify the Orders granting Defendant Hendricks' Motion to Dismiss [Doc. 50] and denying the Plaintiff's Motion to Alter or Amend the same [Doc. 53], pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

---

[3] The Defendants also note that the Plaintiff has exceeded the permitted number of discovery requests, however, they do not appear to seek relief on this issue.

5

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). To certify an order under Rule 54(b) requires two steps. First, the Court must determine whether the judgment is "final," that is, whether the order is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993) (citation and internal quotation marks omitted). Second, the Court must determine whether there is "no just reason for the delay" in the entry of a judgment. Id. In making this determination, the Court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

6

Id. at 1335-36 (citations omitted).  The movant has the burden to establish that Rule 54(b) certification is warranted.  Id. at 1335.  Ultimately, it is within the Court's sound discretion "to determine the appropriate time when each final decision in a multiple claims action is ready for appeal."  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (citation and internal quotation mark omitted).  Such discretion should be exercised "in the interest of sound judicial administration."  Id. (citation omitted).

Here, the Court's Orders dismissing Defendant Hendricks and denying reconsideration of the same constitute the "ultimate disposition of the claims" against Hendricks.  However, resolution of the issue on which the Plaintiff seeks to appeal does nothing to advance the termination of the litigation against the Defendants who remain in the action still pending in this Court. Moreover, the claims against Hendricks and the remaining Defendants are intertwined such that the future developments in this Court may moot a future appeal regarding Hendricks' alleged liability.  Neither judicial economy nor the interests of justice would be served by allowing the Plaintiff to appeal the Orders relating to Hendricks at this juncture.  Accordingly, the Plaintiff's Motion to Certify Order in Multiple Claim Case is denied.

## C.    Motions for Reconsideration

The Plaintiff seeks reconsideration of the Judgment in the <u>Hyatt</u> case pursuant to Rule 60(b) [Doc. 104]; the Order granting Defendant Hendricks' Motion to Dismiss [Doc. 99]; and the Order denying Plaintiff's Motion for Sanctions [Doc. 121] in the instant case pursuant to Rule 54(b).

As to the Rule 60(b) Motion, the Plaintiff has previously sought such relief from the Judgment in the <u>Hyatt</u> case.  [Doc. 104].  The Court denied the Plaintiff's Motions directed to the <u>Hyatt</u> case, and it denies the instant Motion for the same reasons.  [<u>See</u> Doc. 82 at 6].

As to the instant case, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." <u>Am. Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514–15 (4th Cir. 2003); <u>see</u> <u>also</u> Fed. R. Civ. P. 54(b).

In his Motion challenging the Order granting Defendant Hendricks' Motion to Dismiss, the Plaintiff reiterates his arguments that the Court erred in weighing the sufficiency of his allegations against Hendricks, and in granting Hendricks' Motion to Dismiss.  Those arguments were previously rejected and the Court will not address them again.  [<u>See</u> Doc. 82 at 6-7]. The Plaintiff also argues that the Court should consider materials that were not available when Defendant Hendricks filed his Motion to Dismiss which,

8

he claims, show that the warrant application incorrectly states that the Plaintiff previously pleaded guilty to trafficking cocaine on January 17, 2012, rather than on June 25, 2012. [Doc. 99 at 8-10; see Doc. 92-1 at 2-14 (Search Warrant Application; Buncombe County Superior Court Transcript of Plea; Buncombe County Superior Court Indictment; NCDPS Offender Status)]. The Plaintiff does not dispute the existence of the cocaine trafficking conviction. That the plea date reflected in the warrant application may have been inaccurate by less than six months is not a material fact that could have conceivably affected the probable cause determination. See Thompson v. Prince William Cnty., 753 F.2d 363 (4th Cir. 1985) (recognizing that "[n]ot every mix-up in issuance of an arrest warrant … automatically constitutes a constitutional violation for which a remedy may be sought"); see, e.g., United States v. Felder, 457 F. App'x 316, 322 (4th Cir. 2011) (finding a warrant to be valid despite typographical errors). The Plaintiff's general argument that the Court misinterpreted his position regarding Defendant Hendricks' liability is vague and conclusory, and fails to demonstrate the reconsideration is warranted. [Id. at 8-9]. Accordingly, the Plaintiff's Motion to reconsider the Order granting Defendant Hendricks' Motion to Dismiss is denied.

With regard to the denial of Plaintiff's Motion for Rule 11 sanctions [Docs. 121, 96], the Plaintiff argues that: he did not fail to comply with the safe harbor rule; that the safe harbor rule does not apply; and that the Motion for Sanctions was proper because the Plaintiff filed it after the Court granted Defendant Hendricks' Motion to Dismiss. The Plaintiff's disagreement with the Court's analysis fails to demonstrate any valid basis for reconsideration. Accordingly, reconsideration of that Motion is denied.

### D.    Motion to Appoint Counsel

The Plaintiff moves the Court to appoint counsel to represent him in this action. [Doc. 105]. He argues that he is unable to afford counsel; that his imprisonment will greatly limit his ability to litigate; that the issues are complex and require significant research and investigation; that he is in solitary confinement, has no access to a law library, and has limited knowledge of the law; that the case will likely involve conflicting testimony and counsel would better enable him to present evidence and cross-examine witnesses; that the Plaintiff is unable to leave the prison to interview witnesses and view body camera footage; and that the issues in this case is indistinguishable from <u>Hyatt</u>, which the Court recognized, are unusual and complex. The Plaintiff contends that the foregoing are exceptional

circumstances that warrant the appointment of counsel and that the failure to do so would be an abuse of discretion.

The Court previously denied Plaintiff the appointment of counsel in this case, and the instant Motion is denied for the same reasons. [See Doc. 82 at 13].

### E.    Motion for Sanctions

The Plaintiff has filed a Notice and Motion stating that he intends to seek attorney's fees,[4] costs, and sanctions against defense counsel[5] pursuant to Rule 11. [Doc. 109]. He contends that the Answer contains false information regarding the vehicle stop, detention, and searches [Doc. 109-1 at 2-3]; that the Defendants gave perjured testimony in the Hyatt case upon which counsel in the instant case continues to rely [id. at 9]; and that the false evidence produced in the Hyatt case will also be produced in the instant case [id. at 11]. Specifically, the Plaintiff argues that Defendant Lambert perjured himself at the Hyatt trial and "fabricated probable cause" by claiming that he observed the Plaintiff's vehicle for traffic violations he observed at around 12:30 PM, whereas the traffic citation states that the violations occurred at 2:00 PM. [Id. at 3-5].

---

[4] It is unclear why the Plaintiff is seeking attorney's fees, as he is unrepresented.

[5] The Plaintiff asserts this Motion against Curtis Euller and Cameron Nieters.

Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ . P. 11(b).

A legal argument fails to satisfy Rule 11(b)(2) when "in applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." Morris v. Wachovia Sec., Inc., 448 F.3d 268, 277 (4th

Cir.2006) (quoting <u>Hunter v. Earthgrains Co. Bakery</u>, 281 F.3d 144, 153 (4th Cir. 2002)) (punctuation omitted).  "The legal argument must have absolutely no chance of success under the existing precedent" to contravene the rule. <u>Id.</u> Factual allegations violate Rule 11(b)(3) when such allegations "are 'unsupported by any information obtained prior to filing.'"  <u>Id.</u> (quoting <u>Brubaker v. City of Richmond</u>, 943 F.2d 1363, 1373 (4th Cir.1991)).  This rule also empowers the district court to sanction a party or lawyer for "insisting [on] a position after it is no longer tenable." Fed. R. Civ. P. 11(b) Advisory Committee's Notes to 1993 Amendments. If, after notice and a reasonable opportunity to respond, the Court determines that any provision of Rule 11(b) has been violated, the Court may impose sanctions on the party responsible for the violation.  Fed. R. Civ. P. 11(c)(1).

The Plaintiff's contentions that "the Defendants" perjured themselves and that the Answer contains inaccuracies, are too vague and conclusory to demonstrate that Rule 11 has been violated.  His more specific claims as to Defendant Lambert also fail. The alleged time discrepancy in Defendant Lambert's sworn testimony and the traffic citation fails to demonstrate that Defendant Lambert perjured himself, or that the Defendants' positions in the

instant case are unsupported by any information or are no longer tenable.[6] Further, to the extent that the Plaintiff seeks Rule 11 sanctions for information that, he anticipates, will be provided in discovery from the <u>Hyatt</u> case, this request is improper.  <u>See</u> Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37").  The Plaintiff's Motion for Rule 11 sanctions is, therefore, denied.

### F.  Joinder

In the Plaintiff's "Motion to Compel Joinder of Party Who Must Be Joined Fed. R. Civ. P. 19(a) and (b)" [Doc. 110], the Plaintiff contends that Marcus Hyatt is a necessary and indispensable party who should be joined as a Plaintiff in the instant case.  The Plaintiff argues that Hyatt's presence in the instant case will allow the Court to "properly correct any inconsistencies that may arise from both Hyatt's action and the instant case," and to avoid "factual and legal whipsaw".  [<u>Id.</u> at 3, 18].

Rule 19 of the Federal Rules of Civil Procedure sets out a two-step inquiry to determine whether a non-joined party is necessary under Rule 19(a), and whether the party is indispensable under Rule 19(b).  <u>Guvnor SA</u>

---

[6] Indeed, the jury found in <u>Hyatt</u> that Defendant Lambert saw the Plaintiff's vehicle change lanes without signaling and affect the operation of another vehicle, and had reasonable suspicion to stop Plaintiff's vehicle.  [<u>See</u> <u>Hyatt</u> Doc. 132].

v. Kayablian, 948 F.3d 214, 218 (4th Cir. 2020) (citations omitted).  If a party is "necessary" under Rule 19(a), the party will be "ordered into the action." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999).  If the necessary party being ordered into the action would defeat the court's jurisdiction, the court must determined whether the necessary party is also "indispensable" such that a failure to join the party requires the actions' dismissal.  See id.  The burden is on the party raising the Rule 19 argument to show that the party who was not joined is needed for a just adjudication. U.S. Bank. Nat'l Assoc. v. Sofield, No. 5:16-cv-84-RLV, 2017 WL 2569740 (W.D.N.C. June 13, 2017).

Under Rule 19(a), an absent person must be joined as a party if that the joinder will not deprive the court of subject-matter jurisdiction and if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i)  as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

15

Fed. R. Civ. P. 19(a)(1).  If a person has not been joined as required, the court must order that the person be made a defendant or, in a "proper case," an involuntary plaintiff.  Fed. R. Civ. P. 19(a)(2).

Rule 19(a)(1)(A) focuses on the impact of nonjoinder on the parties to the action.  "'Complete relief' refers to relief as between persons already parties, not between a party and an absent person whose joinder is sought." United States v. Arlington Cnty., 669 F.2d 925, 929 (4th Cir. 1982).  Rule 19(a)(1)(B) "focuses on the impact of nonjoinder on the nonjoined party." Sofield, 2017 WL 2569740, at *8 (citing Pettiford v. City of Greensboro, 556 F.Supp.2d 512, 517 (M.D.N.C. 2008)).  Importantly, "the nonjoined party must be the one claiming an interest. It is well established that where the absent party has not claimed an interest, Rule 19(a)(1)(B) does not apply." Sunbelt Rentals, Inc. v. Guzman, 5:20-cv-70-KDB, 2020 WL 5522997 at *1 (W.D.N.C. Aug. 27, 2020) (citations omitted).  Joinder of an involuntary plaintiff is generally disfavored, and therefore, a party may only be so joined if that party "(1) has an obligation to permit its name or title to be used to protect the rights asserted in the action; (2) is beyond the jurisdiction of the court; and (3) has refused to voluntarily join in the action following notification thereof." Hicks v. Intercontinental Acceptance Corp., 154 F.R.D. 134, 135 (E.D.N.C. 1994) (quoting Sheldon v. West Bend Equip. Corp., 718 F.2d 603,

606 (3d Cir. 1983); citing <u>Independent Wireless Telegraph Co. v. Radio Corporation of America</u>, 269 U.S. 459 (1926)).

The Plaintiff has not carried his burden under Rule 19 to establish that Mr. Hyatt is a necessary party in this action. The Plaintiff can obtain complete relief with the parties already in this action, and no relationship between the Plaintiff and Mr. Hyatt exists that would make Mr. Hyatt a necessary party here. <u>See</u> <u>generally</u> <u>Arlington Cty.</u>, 669 F.2d at 929; <u>see</u> Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1606 (3d ed.) (noting that the involuntary-plaintiff procedure has been used most commonly to allow the exclusive licensee of a patent or a copyright, or the equitable owner of a copyright, to prosecute an action by compelling the joinder of the owner). Nor has Mr. Hyatt expressed an interest in joining the instant action, having already litigated his own claims against the Defendants. <u>See</u> <u>Sunbelt Rentals</u>, 2020 WL 5522997 at *1. It appears that the Plaintiff is essentially displeased with the outcome of <u>Hyatt</u> and is attempting to relitigate it in his own case. The Plaintiff's disagreement with the outcome in <u>Hyatt</u> does not make Mr. Hyatt a necessary or indispensable party to this action, and therefore, the Motion is denied.

17

### G. Protective Order and Gatekeeper Order

Defendant Steven Hendricks seeks a Protective Order and Gatekeeper Order. [Doc. 119]. He argues that a Protective Order should be entered so that he is not required to respond to any pending or future discovery requests pursuant to Rules 26(c)(1)(A) and 33; and that a Gatekeeper Order should require the Plaintiff's future filings to be reviewed by the magistrate judge[7] for frivolity prior to docketing pursuant to 28 U.S.C. §§ 1651(a) and 1915(a), and Rule 11.[8] The Plaintiff argues that the Court should not enter a Gatekeeper Order because several of the motions identified by Hendricks are not frivolous [Docs. 87, 92, 99], and that no Protective Order is warranted because he is not prohibited from serving discovery on Hendricks as the Order granting Hendricks' Motion to Dismiss is not final.[9] [Doc. 129].

---

[7] No magistrate judge is presently assigned to this case.

[8] Defendant Hendricks argues that the Plaintiff has demonstrated that he is incapable of complying with the Federal Rules of Civil Procedure, and that he has filed more than a dozen Motions that are frivolous on their face, *i.e.,* Docs. 24, 36, 52, 62, 63, 64, 66, 67, 68, 69, 73, 74, 80, 85, 87, 89, 92, 99.

[9] The Plaintiff also asks the Court to enter Protective and Gatekeeper Orders against Hendricks. [Doc. 129 at 1]. However, the Plaintiff has failed to explain what relief he is seeking in Protective and Gatekeeping Orders against Hendricks; his conclusory and improper requests for such are denied. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion…"); LCvR 7.1(c)(2) ("Motions shall not be included in responsive briefs. Each motion must be set forth in a separately filed pleading.").

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that a party or person from whom discovery is sought may move for a protective order, and the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied. Smith v. United Salt Co., No. 1:08-cv-53, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009); see also Fed. R. Civ. P. 26(c)(1) (the party moving for a protective order bears the burden of showing good cause for its entry). Whether to grant or deny a motion for protective order is generally left within the district court's broad discretion. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

Here, the Plaintiff has served interrogatories on Hendricks, who has been dismissed from this action with prejudice. As such, the Plaintiff's interrogatories are not authorized under Rule 33.[10] See Fed. R. Civ. P. 33

---

[10] The Plaintiff has not sought a subpoena for non-party discovery pursuant to Rule 45, nor does it appear that such would be appropriate here. See generally Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 194 (4th Cir. 2019) (nonparties "should not be drawn into the parties' dispute unless the need to include them outweighs the burdens of doing so, considering their nonparty status"); United States v. Meridian Senior Living, LLC, No. 5:16-v-410-BO, 2018 WL 5723930 (E.D.N.C. Nov. 1, 2018) (the court "cannot countenance requiring a nonparty to produce a multitude of documents without the requesting party's first attempting to obtain such documents from other parties that likely have copies of the documents"); see Fed. R. Civ. P. 26(d)(3) (recognizing a court's authority to direct the sequence of discovery).

("a party may serve on *any other party* no more than 25 written interrogatories….") (emphasis added). Hendricks has demonstrated good cause to excuse him from responding to the Plaintiff's improper interrogatories and any future improper discovery requests. Accordingly, the Motion for a Protective Order is granted and Hendricks is not required to respond to any existing or future discovery requests that the Plaintiff may serve on him, absent the Court's express authorization.

The All Writs Act, 28 U.S.C. § 1651(a), permits a federal court to restrict repeat vexatious and malicious litigants access to the courts. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir.2004). District courts have inherent power to control the judicial process and to redress conduct that abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir.2001) (citation omitted). There are no exceptions for pro se litigants. Armstrong v. Koury Corp., 16 F.Supp.2d 616, 620 (M.D.N.C. 1998). Limiting a pro se litigant's free access to the courts should be approached cautiously and restrictions imposed only if "exigent circumstances" exist, such as continuous abuse of the judicial process by filing meritless and repetitive actions. Cromer, 390 F.3d 812 at 818.

The Court finds that the Plaintiff has engaged in some duplicative and frivolous filings; however, his conduct has not yet reached the level of

exigence that requires the imposition of sanctions. The Motion for a Gatekeeping Order is, therefore, denied at this time. **However, the Plaintiff is cautioned that any further duplicative, frivolous, malicious, insufficient, or vexatious filings in this Court may result in the imposition of sanctions including the entry of a pre-filing injunction.**

### H. Depositions

The Plaintiff seeks permission to use the depositions of the Defendant herein that were taken in Hyatt. [Docs. 125, 131]. The Defendants do not object. [Doc. 130]. The Plaintiff's Motion is granted and the Plaintiff may use the depositions of the Defendants herein that were taken in the Hyatt case in the same manner as though those depositions were taken in this matter.[11]

### O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion for Vacatur of Stay of Proceedings [Doc. 134] and Motion to Lift Stay [Doc. 137] are **GRANTED**, and the stay of this matter is hereby **LIFTED**.

---

[11] The Plaintiff is reminded that he will be responsible for any costs associated with the same, including the cost of obtaining copies. See generally United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress…."); Pickens v. Lewis, No. 1:15-cv-275-FDW, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (noting that 28 U.S.C.§ 1915 does not authorize the payment of litigation expenses and "[o]rdinarily, the plaintiff must bear the costs of his litigation ... even in pro se cases").

2. The Pretrial Order and Case Management Plan [Doc. 35] is **AMENDED** as follows:

    a. All discovery shall be completed no later than September 15, 2023;

    b. All motions except motions *in limine* and motions to continue shall be filed no later than October 16, 2023.

3. Defendants Lambert, Lewis, and May's Joint Motion for Extension of Time to Respond to Plaintiff's Discovery Requests Pending Entry of Revised Case Management Deadline [Doc. 118] is **GRANTED**, and the Defendant shall have 30 days from the entry of this Order to serve such requests.

4. The Plaintiff's Motion to Certify Order in Multiple Claim Case [Doc. 87] is **DENIED**.

5. The Plaintiff's Motion for Reconsideration [Doc. 99] is **DENIED**.

6. The Plaintiff's "Motion for Relief from Judgment and Alternative Non-Party Motion for Relief From Judgment in Civil Action No. 1:19-cv-250-MR-WCM" [Doc. 104] is **DENIED**.

7. The Plaintiff's Motion for Appointment of Counsel [Doc. 105] is **DENIED**.

8. The Plaintiff's "Notice of Motion and Motion for Sanctions Fed. R. Civ. P. 11" [Doc. 109] is **DENIED**.

9. The Plaintiff's "Motion to Compel Joinder of Party Who Must Be Joined Fed. R. Civ. P. 19(a) and (b)" [Doc. 110] is **DENIED**.

10. Defendant Seven Hendricks' Motion for Protective Order and Gatekeeper Order [Doc. 119] is **GRANTED IN PART AND DENIED IN PART**. The Motion for a Gatekeeper Order is **DENIED**. The Motion for Protective Order is **GRANTED** as follows: Defendant Hendricks is not required to respond to any existing or future discovery requests that the Plaintiff may serve on him, absent the Court's express authorization.

11. The Plaintiff's Motion for Reconsideration of the Plaintiff's Motion for Rule 11 Sanctions [Doc. 121] is **DENIED**.

12. The Plaintiff's Motion for Use of Depositions Lawfully and Duly Filed in Former Action Fed. R. Civ. P. 32(a) [Doc. 125] is **GRANTED** in accordance with this Order.

**IT IS SO ORDERED**.

Signed: August 14, 2023

Martin Reidinger
Chief United States District Judge

23