IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00030-MR

| | |
|---|---|
| BRANDON PICKENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STEVEN HENDRICKS, et al., ) | **PROTECTIVE ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants Quentin Miller and Western Surety Company's filing of a Motion for Entry of Protective Order [Doc. 158].

The moving Defendants request the Court to enter a protective order authorizing the release of the Criminal Investigative File[1] and body camera footage maintained by the Office of the Buncombe County Sheriff relating to Plaintiff's January 20, 2018 traffic stop to Plaintiff. The moving Defendants relate that the release of the body camera footage, and of the Criminal Investigative File are regulated by N.C. Gen. Stat. §§ 132-1.4A and 132-

---

[1] The Plaintiff has requested a copy of "all the deputies' statements, the K-9 report, and other documentation completed regarding the January 20, 2018 traffic stop of Plaintiff," which will be referred to as the "Criminal Investigative File." [See Doc. 158 at 5].

1.4(a) and cannot be released without a court order. The Plaintiff has requested body camera footage and documents in the Criminal Investigative File, which the Defendants are prepared to release pursuant to a protective order.

On review of the Defendants' Motion, the Court finds that such information may be deemed confidential under state law, including N.C. Gen. Stat. §§ 132-1.4(a) and 132-1.4A(f). Due to the confidential nature of the information that will be produced in this matter, a protective order is necessary to authorize the release of such confidential information and to ensure that such confidential information is not disclosed or used for any purpose except in connection with this litigation. The Court will, therefore, grant the moving Defendants' request for a protective order.

**IT IS, THEREFORE, ORDERED** that the Motion [Doc. 158] is hereby **GRANTED,** and the Court enters the following Protective Order:

1. The requested materials are confidential materials that are exempt from public records disclosure requirements pursuant to the provisions of N.C. Gen. Stat. §§ 132-1.4 and 132-1.4A and subject to release only pursuant to an order of a court of competent jurisdiction.

2. In order to accommodate disclosure in this matter, the Court agrees that production of the Criminal Investigative File and body camera footage (hereinafter "Confidential Documents") described above should be made pursuant to the conditions of this Protective Order.

3. Except as may be otherwise provided by further order of the Court, all documents identified as Confidential Documents shall be used for no purpose other than prosecuting or defending this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

4. Access to and the use of any Confidential Documents, or any part thereof, shall be limited to the following qualified persons/ entities:

   a. The parties and any attorneys of record for the parties, their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners, or employees of the parties who provide material assistance in the legal representation of the parties;

      b.     Mediators;

      c.     Consultants and technical experts involved in the preparation of this action;

      d.     The Court, court staff, court reporters, their transcribers, assistants and employees;

      e.     Any potential or actual trial witnesses to the extent that it is necessary to tender such witnesses as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

      f.     The jury and trier of fact.

5. The above individuals and entities that are permitted access to the Confidential Documents are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

6. Counsel may make copies of the Confidential Documents for Plaintiff's or Defendants' experts upon receiving from said experts a written agreement that they will be bound by the terms

4

of this Protective Order. The requirements of obtaining such an agreement shall be satisfied by having each of the Plaintiff's or Defendants' experts read, acknowledged, and agreed in writing to be bound by this Protective Order. A file of all such written acknowledgements shall be maintained by Plaintiff and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

7. The production or disclosure of the Confidential Documents, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or in any other action.

8. Counsel for Defendants and Plaintiff are responsible for notifying any person who is provided access to information or material from the Confidential Documents of the terms of this Protective Order. The parties shall keep a record of all persons to whom disclosures and access are made.

9. Should the Court determine in its discretion that any material and documents contained within the Confidential Documents may properly be filed under seal, such documents may be released to the persons as listed herein only if the material and information is filed in sealed containers, containing a general description of the contents, and a statement that states the contents hereof are confidential and may be revealed only by the Court or upon prior written consent of counsel for the party designating the material CONFIDENTIAL INFORMATION.

10. After the final disposition of this action, including the conclusion of any and all appeals, Plaintiff shall return all Confidential Documents to the Buncombe County Sheriff's Office. The ultimate disposition of the Confidential Documents shall be subject to a final order of the Court.

11. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

12. It is specifically agreed that making Confidential Documents available for inspection and the production of such documents

shall not constitute a waiver or agreement by the parties regarding any claim of confidentiality, or of the admissibility of such documents into evidence at the trial of this action. The parties reserve all rights to object to the admissibility of such documents as provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

13. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

14. Nothing in this Protective Order is intended to or shall be construed to interfere with any party's ability to disclose and use documents or information to the extent that they are (a) obtained lawfully from sources other than the opposing party or the agencies names herein, or (b) otherwise publicly available.

15. This Protective Order shall not prevent any party or the Buncombe County Sheriff's Office from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge