IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00030-MR

| | | |
|---|---|---|
| **BRANDON PICKENS,** | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **O R D E R** |
| **STEVEN HENDRICKS, et al.,** | ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on:

1. The Plaintiff's "Motion for Assistance from this Court" [Doc. 144];

2. The Plaintiff's "Motion to Amend Complaint and Motion to Join Parties" [Doc. 145];

3. The Plaintiff's Motion for Appointment of Counsel [Doc. 148];

4. Defendants Lambert, May, and Lewis's Motion for Leave and Extension of Time to Conduct the Plaintiff's Deposition [Doc. 159];

5. The Plaintiff's Motion to Extend the Discovery Deadline [Docs. 168];

6. The Plaintiff's Motion in Limine [Doc. 166];

7. The Plaintiff's Motion for an Order Compelling Discovery [Doc. 167];

8. Defendants Lambert, Lewis, and May's Motion for Extension of Time to File Dispositive Motions [Doc. 175]; and

9. The Plaintiff's Letters and a "Request" that were docketed as Motions [Docs. 149, 151,[1] 152, 162].

## I. BACKGROUND

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred during a January 20, 2018 traffic stop involving the Plaintiff and his passenger, Marcus Hyatt.[2] [See Doc. 1]. The Complaint passed initial review against Buncombe County Sheriff's Office (BCSO) deputies J.D. Lambert, Jeff May, and Katherine Lewis and Buncombe County Sheriff Quentin Miller; and the Court exercised supplemental jurisdiction over North Carolina claims against

---

[1] Titled "Request to Put off Defendant's Deposition and Extension of Time to Conduct Depositions."

[2] Hyatt and his girlfriend, Ashely Barrett, who was detained in a separate vehicle stop, also filed an action in this Court, Hyatt v. Miller, Case No. 1:19-cv-00250-MR-WCM.

those Defendants as well as against the Sheriff's surety, Western Surety Company.[3]  [See Doc. 13].

On April 25, 2022, the Court entered a Pretrial Order and Case Management Plan setting the following deadlines: to amend and join parties by June 10, 2022; to complete discovery by August 19, 2022; and to file dispositive motions by September 19, 2022.  [Doc. 35].  On July 11, 2022, the Court granted motions to relate the instant case to Hyatt v. Miller, Case No. 1:19-cv-00250-MR-WCM and to stay this action pending the outcome of Hyatt.  [Docs. 39, 48, 50].  The Court lifted the stay on August 14, 2023, and it amended the Pretrial Order and Case Management Plan requiring the parties to complete discovery no later than September 15, 2023, and to file all motions except for motions *in limine* and motions to continue no later than October 16, 2023. [Doc. 143 at 22].

Several new motions are now pending.  They will be addressed in turn.

## II. DISCUSSION

### A. Letters

---

[3] The Complaint also passed initial review against Asheville Police Department Officer Steven Hendricks, but his Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted was granted on April 25, 2022, and the action was dismissed with prejudice as to him. [Docs. 25, 34].

As a preliminary matter, the Plaintiff has filed several Letters requesting various relief that were docketed as Motions. [See Docs. 149, 151, 152, 162]. The Plaintiff was repeatedly informed that "the Court will not respond to any further letters or other miscellaneous filings in this case; only motions will be ruled on by the Court." [Doc. 82 at 4-5; see also Doc. 3 at ¶ 5 (Order of Instructions)]. The Clerk will, therefore, be instructed to terminate docket entries 149,[4] 151, 152, and 162,[5] and to retitle these filings as Letters [Docs. 149, 152, 162] and a Request [Doc. 151].

One of the Letters, although improperly filed, requires further discussion. The Plaintiff has attached to a Letter several "Deposition[s] Upon Written Questions" that are directed to nonparties Steven Hendricks [Doc. 149-1], Marcus Hyatt [Doc. 149-2]; Darrell Saucier [Doc. 149-3]; and Christopher Stockton [Doc. 149-4]. The Plaintiff also served Defendants Lambert and May with "Deposition[s] Upon Written Questions." [Docs. 163-1, 163-2]. The Defendants ask the Court to strike the Depositions and to enter a protective order prohibiting the Plaintiff from attempting to conduct any more written depositions until he demonstrates to the Court his ability to

---

[4] Had Docket Entry 149 been properly filed, it would be denied for the reasons articulated in the Defendants' Responses [Docs. 157, 163].

[5] Had Docket Entry 162 been properly filed, it would be denied for the reasons previously discussed. [See Doc. 82 at 3-4].

4

comply with the requirements of Fed. R. Civ. P. 31 and to pay for all the written depositions and associated costs. [Docs. 157, 163]. In response, the Plaintiff admits that "there is no way [he] can advance any payment for any cost related to discovery" at this time, and asks to be allowed to proceed with the depositions because, *inter alia*, he is indigent, incarcerated, and unrepresented. [See Doc. 165 at 2].

The Plaintiff has failed to comply with the discovery rules, and he admits that he cannot pay the costs associated with the Depositions. His incarceration, indigence, and *pro se* status do not excuse him from these requirements. See generally United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress...."); Iannucci v. CVS Rx Servs., Inc., No. 1:15-cv-223, 2016 WL 1734263 (W.D.N.C. March 29, 2016) ("The fact that a plaintiff chooses to proceed without counsel in a civil proceeding is not an excuse for the failure to comply with the Court's procedural rules."); Fed. R. Civ. P. 31. The Court therefore will strike the depositions upon written questions and will enter a Protective Order requiring the Plaintiff to demonstrate his ability to pay for the costs and fees associated with written depositions, and obtain leave from the Court, before serving any depositions upon written questions in future.

5

### B. Motions for Counsel and Assistance

The Plaintiff seeks the appointment of counsel and "assistance from this Court" due to his incarceration, indigence, and the conditions of his confinement. [Docs. 144, 148]. The Plaintiff's request for the appointment of counsel was previously denied, and the instant request fails for the same reasons. [See Doc. 143]. The Plaintiff's vague request for assistance with his case from the Court is also denied. See generally Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants").

### C. Motion to Amend and Join Parties

The Plaintiff seeks leave to amend his Complaint to add claims and defendants in the future, after discovery is complete. [Doc. 145]. The Defendants oppose the Motion. [Doc. 156; see also Doc. 161 (Plaintiff's Reply)].

Under the Federal Rules of Civil Procedure, a plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so

6

requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Leave to amend is futile when the amended complaint would not survive a motion to dismiss. Save Our Sound OBX, Inc. v. N.C. DOT, 914 F.3d 213, 228 (4th Cir. 2019).

Here, the Plaintiff seeks leave to amend so that he may add unspecified claims and defendants, but he has not filed a proposed amended complaint. He has failed to meet the requirements for seeking leave to amend. See, e.g., Employees' Ret. Sys. of the City of Baton Rouge & Par. of E. Baton Rouge v. MacroGenics, Inc., 61 F.4th 369, 394 (4th Cir. 2023) (finding no abuse of discretion in district court's denial of request to amend where plaintiffs did not file a motion to amend or present the district court with a proposed amended complaint did not meet the requirements of Rules 7(b) and 15(a)); Willner v. Dimon, 849 F.3d 93, 114 (4th Cir. 2017) (finding no abuse of discretion in district court's denial of leave to amend where Plaintiff made no formal move and failed to file any indication of the specific

7

amendments sought); Cozzarelli v. Inspire Pharm., Inc., 549 F.3d 618, 630-31 (4th Cir. 2008) (finding no abuse of discretion in declining to grant a request to amend where it was not filed in a proper motion and plaintiffs did not present the district court with a proposed amended complaint). The Motion is, therefore, denied.

To the extent that the Plaintiff seeks an extension of the amendment deadline in the Pretrial Order, this too is denied. A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted).

The Plaintiff has failed to carry this burden. As a preliminary matter, the Plaintiff's argument that the amendment deadline never expired because he timely moved to extend it, is not well taken. The relevant docket entries [Docs. 38, 46] are Letters, and not Motions that properly placed the matter before the Court for consideration. By the time this case was stayed on July 11, 2022, the June 10, 2022 deadline to amend and join parties had already expired, and it was not revived by any subsequent events. [Doc. 35 (Pretrial Order setting scheduling deadlines); Doc. 50 (Order staying the case); see, e.g., Doc. 143 (Order lifting the stay and setting only new discovery and

dispositive motions deadlines)]. Further, the Plaintiff has not adequately demonstrated due diligence. He fails to explain why he did not move to extend the amendment deadline before it expired; and he does not adequately explain why he was unable to identify the unspecified claims and defendants sooner with regard to this 2018 incident. His speculative assertion that additional discovery *may* reveal additional claims and defendants is insufficient. See, e.g., Johnson v. Hammett, 2019 WL 7185559, at *13 (D. Md. Dec. 23, 2019) (dismissing speculative claim that an officer may have been able to more quickly discover that the plaintiff was not a fugitive and should be released, where the plaintiff argued that "discovery will reveal whether it is 'plausible' that [the officer] acted with a kind [of] deliberate indifference;" "a law suit is not a fishing expedition; plausibility must be established by the [allegations]"). The Plaintiff's other arguments, including his contention that an attorney who never appeared in this case advised him that he would have the opportunity to amend his Complaint at some unspecified time in the future, are frivolous and require no individual discussion.

    D.    **Motions Relating to Discovery**

        1.    **Defendants' Motion to Depose Plaintiff**

9

Defendants Lambert, Lewis, and May seek leave to depose the incarcerated Plaintiff, and they request an extension of the discovery and dispositive motions deadlines to accommodate the same. [Docs. 159, 175; see also Doc. 168 (Plaintiff's Motion to extend the discovery deadline)].

The Defendants' request to depose the Plaintiff is granted pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure. Defense counsel may depose Plaintiff at the institution where he is confined[6] in a room to be designated by the administrator of the institution at a date to be selected by the administrator and defense counsel. A guard shall be present during the deposition. The parties' requests to extend the discovery deadline, and Defendants Lambert, Lewis, and May's request to extend the dispositive motions deadline, are also granted.

The Court notes that the Plaintiff has indicated that he may refuse to cooperate with the deposition unless he is able to dictate the conditions under which the deposition occurs. [See, e.g., Doc. 149 (Letter requesting transfer to a medium custody facility and stating "I refuse to be in tight ass full body restraints for the duration of time the defendants depose me. That's a no no!!!")] (errors uncorrected). The Plaintiff is cautioned that he is obligated to comply with the Defendants' discovery requests, including the

---

[6] The Plaintiff is presently incarcerated at the Alexander Correctional Institution.

deposition. See generally Fed. R. Civ. P. 37. His failure to appear and/or cooperate at the deposition may result in the imposition of sanctions, including the dismissal of all or part of this case. Id.; see Mutual Fed. Sav. And Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 92 (4th Cir. 1989); Zornes v. Specialty Indus., Inc., 166 F.3d 1212 (4th Cir. 1998).

### 2. Plaintiff's Motion to Compel

The Plaintiff moves the Court to compel Defendants Lewis, Lambert, May, and Miller to fully answer the interrogatories under oath; produce for inspection and copying an extensive list of documents, including the entire record from the Hyatt case, various prosecutorial and grand jury records, and law enforcement investigatory and policy records; and to produce body camera footage from the incident. [Doc. 167].

The Plaintiff does not certify in the Motion that he attempted in good faith to resolve the discovery dispute before engaging the Court's assistance. The lack of certification alone warrants the denial of the Motion. See Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily

11

denied."). Even if the Motion were properly filed, however, it would be denied for the reasons set forth in the Defendants' Responses.[7]

### E. Motion in Limine

The Plaintiff has filed a Motion in Limine in which he asks the Court to bar the Defendants from presenting any evidence that is "supplemental to evidence concerning issues that were fully litigated by the Defendants in Hyatt," pursuant to the doctrine of offensive collateral estoppel and Rule 403. [Doc. 166 at 3].

Discovery is ongoing and dispositive motions have not yet been resolved. Accordingly, the Plaintiff's Motion in Limine is denied as premature. See generally E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc., 564 F. App'x 710, 715 (4th Cir. 2014) (noting that "a court is often wise to await the unfolding of evidence before the jury before undertaking to make definitive rulings on the likely probative value of disputed evidence").

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

---

[7] The Court trusts that counsel for Defendants Lambert, Lewis, and May will swiftly correct the signature/verification defect that the Plaintiff has identified, and which the Defendants acknowledge. [See Doc. 173]. Should counsel fail to do so, the Plaintiff may seek relief from the Court in a properly-filed Motion.

1. The Plaintiff's "Motion for Assistance from this Court" [Doc. 144] is **DENIED**.

2. The Plaintiff's "Motion to Amend Complaint and Motion to Join Parties" [Doc. 145] is **DENIED**.

3. The Plaintiff's Motion for Appointment of Counsel [Doc. 148] is **DENIED**.

4. Defendants Lambert, May, and Lewis' Motion for Leave and Extension of Time to Conduct the Plaintiff's Deposition [Doc. 159] is **GRANTED**, and they may depose the Plaintiff by **December 13, 2023** in accordance with this Order.

5. **<u>The Plaintiff is cautioned that his failure to appear and cooperate at the deposition may result in the imposition of sanctions including dismissal of all or part of this case.</u>**

6. Defendants Lambert, Lewis, and May's Motion for Extension of Time to File Dispositive Motions [Doc. 175] and the Plaintiff's Motion to Extend the Discovery Deadline [Docs. 168] are **GRANTED**. The parties shall have until **December 13, 2023** to complete discovery, and until **January 17, 2024** to file dispositive motions.

7. Defendants Lambert, Lewis, and May's Motion for Protective Order [Doc. 163] is **GRANTED**, and the Plaintiff's Depositions Upon Written Questions [Docs. 149-1, 149-2, 149-3, 149-4, 163-1, 163-2] are **STRICKEN**.

8. The Plaintiff shall be required to obtain leave from this Court before serving any future depositions upon written questions in accordance with Fed. R. Civ. P. 31. In any request for such leave, the Plaintiff must demonstrate his ability to pay for the court officer, any witness fees, transcription costs, and any other associated costs or fees.

9. The Plaintiff's Motion for an Order Compelling Discovery [Doc. 167] is **DENIED**.

10. The Plaintiff's Motion in Limine [Doc. 166] is **DENIED** as premature.

11. The Clerk is respectfully instructed to **TERMINATE** Docket Entries 149, 151, 152, and 162, and to rename them as "Letters" [Doc. 149, 152, 162] and a "Request" [Doc. 151].

**IT IS SO ORDERED**.

Signed: November 7, 2023

Martin Reidinger
Chief United States District Judge