IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00030-MR

| | |
|---|---|
| **BRANDON PICKENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **STEVEN HENDRICKS, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants J.D. Lambert, Katherine Lewis, and Jeff May's Second Objection to Depositions Upon Written Questions and Motion for Protective Order [Doc. 186], and on Defendants' Joint Motion to Strike Plaintiff's Amended Complaint [Doc. 189].

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on several § 1983 claims and the Court exercised supplemental jurisdiction over North Carolina law claims. [Doc. 13]. Discovery closes on December 13, 2023, and dispositive motions are due by January 17, 2024. [Doc. 190].

First, Defendants Lambert, Lewis, and May seek a Protective Order due to Plaintiff's ongoing attempts to serve depositions on written questions on Defendants May and Lambert and a non-party, Christopher Stockton.

[Doc. 186; see Doc. 186-2 (Plaintiff's Notice of Taking Depositions Upon Written Questions); Doc. 186-3 (Written Questions addressed to Defendant May); Doc. 186-4 (Written Questions addressed to Defendant Lambert); Doc. 186-5 (Written Questions addressed to Christopher Stockton)].

The Plaintiff previously served Depositions on Written Questions on parties and non-parties without demonstrating his ability to pay the associated costs or complying with the relevant discovery rules. [See Doc. 163]. On November 8, 2023, the Court struck the Depositions on Written Questions and entered a Protective Order "requiring the Plaintiff to demonstrate his ability to pay for the costs and fees associated with written depositions, and obtain leave from the Court, before serving any depositions upon written questions in future." [Doc. 190 at 5]. The Plaintiff has now again attempted to depose parties and non-parties by written questions.[1] The Plaintiff argues that he should be allowed to take the depositions before a prison notary regardless of his ability to pay for a court reporter. [Doc. 199].

The instant Depositions Upon Written Questions will be stricken for the same reasons discussed in the Court's November 8, 2023 Order, and the

---

[1] The Court recognizes that the November 8 Order was entered after the Plaintiff had served the Deposition Notices that are presently at issue.

Plaintiff is again ordered to comply with the Protective Order set out in that Order. [Id.].

Next, the Defendants ask the Court to strike Plaintiff's "Amended Complaint" [Doc. 181] on the grounds that the Plaintiff filed it after the June 10, 2022 amendment deadline; that he failed to demonstrate good cause; that he failed to obtain written consent from Defendants or leave from the Court; that the statute of limitations bars the assertion of claims against new defendants; and that the existing Defendants would be prejudiced if new claims were added against them. [Doc. 189].

On November 8, 2023, the Court denied Plaintiff's Motion to Amend and Join Parties. [Doc. 190]. The instant "Amended Complaint" was, therefore, not filed in compliance with Rule 15. Nor has the Plaintiff demonstrated good cause as discussed in the Court's November 8 Order [id.], as well as for the additional reasons set forth in the Defendants' Motion [Doc. 181]. The Defendants' Motion is, therefore, granted and the "Amended Complaint" will be stricken.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants J.D. Lambert, Katherine Lewis, and Jeff May's Second Objection to Depositions Upon Written Questions and Motion for Protective Order [Doc. 186] is **GRANTED**, and the

3

Case 1:21-cv-00030-MR    Document 208    Filed 11/28/23    Page 3 of 4

Plaintiff's Notice and Depositions Upon Written Question [Doc. 186-2, 186-3, 186-4, and 186-5] are **STRICKEN**.

2. The Plaintiff is **ORDERED** to comply with the Court's November 8, 2023 Order [Doc. 190]. The failure to do so may result in the imposition of sanctions.

3. The Defendants' Joint Motion to Strike Plaintiff's Amended Complaint [Doc. 189] is **GRANTED**, and the "Amended Complaint" [Doc. 181] is **STRICKEN**.

**IT IS SO ORDERED**.

Signed: November 28, 2023

Martin Reidinger
Chief United States District Judge