# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00030-MR

| | |
|---|---|
| **BRANDON PICKENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **STEVEN HENDRICKS, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motion for Leave and for Extension of Time to Conduct Defendants' Depositions" [Doc. 209] and Motion for Recusal [Doc. 217].

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on several § 1983 claims and the Court exercised supplemental jurisdiction over North Carolina law claims. [Doc. 13]. Discovery closed on December 13, 2023, and dispositive motions are due by January 17, 2024. [Doc. 190].

On November 22, 2023, the Plaintiff filed the instant "Motion for Leave and Extension of Time to Conduct the Defendant's Depositions." [Doc. 209]. He seeks to depose Defendants on written questions before a prison notary, Sherry S. Townsend. He states that "Plaintiff is able to pay

for the cost and fees associated with Sherry S. Townsend taking his depositions upon written questions." [Id. at 3]. He also seeks an extension of time to conduct these depositions until January 21, 2024. [Id.].

The Motion is denied pursuant to the Court's November 8, 2023 Protective Order which requires the Plaintiff to "demonstrate … his ability to comply with the requirements of Fed. R. Civ. P. 31 and to pay for all the written depositions and associated costs" before serving any more depositions upon written question in this case. [Doc. 190 at 4-5]. The Plaintiff fails to identify the Defendants whom he wishes to depose, and he has not demonstrated his ability to pay the associated costs to the Court's satisfaction. His contentions that he has secured Ms. Townsend's services and is able to pay for the same, are contradicted by his recent claims of indigence. [See Doc. 184 at 3 (stating that he is indigent and does not have the resources to litigate this action); Doc. 167-1 (Sept. 18, 2023 Trust Fund Account Statement showing a balance of $0.00)]. Accordingly, his request to conduct written depositions is denied, and his request for an extension of time to conduct the same is moot.

The Plaintiff also seeks the undersigned Judge's recusal from this action pursuant to 28 U.S.C. §§ 144, 455(a), and 455(b)(1). [Doc. 217]. The Plaintiff has filed a Declaration under penalty of perjury in support of

this Motion.  He states that the Court is prejudiced against him and biased in favor of the Defendants in support of which he cites various rulings in this case with which he disagrees.  [Doc. 217-1].  He also states that the Court has "prejudged" this case in light of <u>Hyatt v. Miller</u>, Case No. 1:19-cv-250-MR,[1] a case that the Court related to the instant action at the Plaintiff's request.  [<u>See</u> Docs. 39, 50].

The Court previously denied a Motion for Change of Venue that it liberally construed as seeking the undersigned's recusal. [Doc. 63]. Although the Plaintiff now supports his Motion with a sworn declaration, it is still insufficient to support relief under §§ 144 or 455.  Plaintiff's disagreement with various Court rulings that he perceives to be incorrect or unfair is insufficient to warrant recusal for the reasons discussed in the Court's previous Order. [<u>See</u> Doc. 82 at 10-12].

The Plaintiff's objection to the Court's knowledge of the <u>Hyatt</u> case fails because such is not from an "extrajudicial" source. <u>See</u> <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge

---

[1] The <u>Hyatt</u> case was filed by Marcus Hyatt, the Plaintiff's passenger at the time of the vehicle stop at issue, and by Hyatt's girlfriend, Ashley Barrett, who was detained in a separate vehicle stop.

3

learned from his participation in the case). Moreover, the Plaintiff moved to relate the Hyatt case to this action; he will not be allowed to manufacture a basis for recusal by his own conduct. See United States v. Owens, 902 F.2d 1154, 1156 (4th Cir. 1990) (cautioning against parties being allowed to create grounds for recusal "by their own deliberate actions"). "To hold otherwise would encourage inappropriate 'judge shopping.'" Id. Accordingly, the Plaintiff's Motion for Recusal is denied.

**The Plaintiff continues to inundate the Court with duplicative filings in this case. He is cautioned to refrain from making further duplicative, frivolous, or otherwise abusive filings. Any such future filings may be stricken without notice, and may result in the imposition of sanctions.**

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion for Leave and for Extension of Time to Conduct Defendants' Depositions [Doc. 209] is **DENIED**.

2. The Plaintiff's Motion for Recusal [Doc. 217] is **DENIED**.

**IT IS SO ORDERED**.

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge