# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00030-MR

| | | |
|---|---|---|
| **BRANDON PICKENS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **STEVEN HENDRICKS, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendants Lambert, Lewis, and May's Motion for Sanctions and a Protective Order [Doc. 191] and *Ex Parte* Motion to File Exhibits 1 and 2 in Support of Motion for Sanctions and Protective Order Under Seal [Doc. 194].

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on several § 1983 claims and the Court exercised supplemental jurisdiction over North Carolina law claims. [Doc. 13]. Discovery closed on December 13, 2023, and dispositive motions are due by January 17, 2024. [Doc. 190].

The moving Defendants seek the entry of a protective order and the imposition of sanctions against the Plaintiff because he has sent several highly inappropriate, abusive, and harassing letters to defense counsel,

Cameron E. Nieters, two of which have been provided to the Court *ex parte*.[1] The Plaintiff has not responded and the time to do so has expired.

"Federal courts have long recognized their inherent power to sanction litigants for misbehavior in the judicial process." White v. Raymark Indus., Inc., 783 F.2d 1175, 1177 (4th Cir. 1986). Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "involuntary dismissals are appropriate when 'the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order.'" Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (quoting Fed. R. Civ. P. 41(b)) (brackets omitted). Pro se litigants are subject to the same sanctions as attorneys. White v. Raymark Indus., Inc., 783 F.2d 1175, 1177 (4th Cir. 1986) ("There is no distinction between attorney and litigant abuses of the judicial process when applying the inherent power of the federal courts to penalize those responsible for the wrongful conduct.").

The Court easily concludes that the Plaintiff's outrageous conduct towards counsel warrants the entry of a Protective Order and the imposition of sanctions. The Court has carefully considered the Plaintiff's behavior, the circumstances of the case, and the available means of protecting counsel

---

[1] The Motion for Protective Order refers to Exhibits 1, 2, and 3, but only Exhibits 1 and 2 have been provided to the Court. [See Doc. 191].

2

from further harassment. The Court concludes that the only meaningful remedy in this case is to prohibit the Plaintiff from any further communication with Ms. Nieters, outside that which is strictly necessary to litigate this action, for instance, by serving her by mail with copies of his pleadings, and by responding to any questions she may pose in a deposition.

The Plaintiff will, therefore, be ordered not to communicate with Ms. Nieters in any way, other than that which is strictly required to litigate the case.[2] **The Plaintiff is cautioned that any future harassing, abusive, or otherwise inappropriate conduct may result in the imposition of further sanctions including the dismissal of all or part of this case.**

The moving Defendants also ask the Court to seal the abusive letters that they provided to the Court *ex parte*. To the extent that the Defendants request *ex parte* filing, this is denied because the request is not adequately justified. The Plaintiff wrote the letters at issue and is aware of their contents; accordingly, the Court sees no need to accept them *ex parte*. The Court will, therefore, instruct the Clerk to enter the letters on the Court's docket as exhibits to Doc. 191.

---

[2] The Plaintiff is prohibited from communicating with Ms. Nieters personally as well as indirectly, such as, by conveying a message through a third party.

3

Case 1:21-cv-00030-MR   Document 236   Filed 12/21/23   Page 3 of 5

In considering whether sealing documents is appropriate, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000); see also L.Civ.R. 6.1. Having considered these factors, the Court concludes that the subject letters should be sealed until further order of this Court, as such is the only means of avoiding counsel's further embarrassment and harassment.

The Clerk will be instructed to mail a copy of this Order and of the sealed letters to the appropriate prison authorities so that prison officials may take any appropriate action to address the Plaintiff's behavior.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Lambert, Lewis, and May's Motion for Sanctions and a Protective Order [Doc. 191] is **GRANTED**.

2. The Court enters a **PROTECTIVE ORDER** as follows:

    a. The Plaintiff is hereby **ORDERED** not to engage in any communication with Ms. Nieters, other than that which is strictly required to litigate the case;

b. **The Plaintiff is cautioned that any future harassing, abusive, or otherwise inappropriate conduct may result in the imposition of sanctions including the dismissal of all or part of this case.**

3. Defendants Lambert, Lewis, and May's *Ex Parte* Motion to File Exhibits 1 and 2 in Support of Motion for Sanctions and Protective Order Under Seal [Doc. 194] is **GRANTED IN PART AND DENIED IN PART** as described in this Order.

4. The Clerk is respectfully instructed to docket Exhibits 1 and 2 as exhibits to Docket Entry 191 and place such exhibits under seal until further entry of this Court.

**IT IS FURTHER ORDERED** that the Clerk is respectfully instructed mail a copy of this Order and of the Sealed Exhibits[3] to the Warden and the Case Manager at the prison where the Plaintiff currently resides.

**IT IS SO ORDERED**.

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge

---

[3] The Clerk is instructed to stamp the copies of the Sealed Exhibits that are provided to the Warden and Case Manager as **"CONFIDENTIAL, FILED UNDER SEAL."**

5