IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00030-MR

| | |
|---|---|
| **BRANDON PICKENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **STEVEN HENDRICKS, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the following Motions filed by the pro se Plaintiff:

1. Motions for Reconsideration [Docs. 212, 214; see also Doc. 213 (Addendum to Doc. 212)];

2. Motion for Modification of the Discovery Guidelines [Doc. 211];

3. Motion to Compel Discovery and to Modify the Pretrial Order [Doc. 237];

4. Motion to Strike Plaintiff's Response in Opposition to Defendants Miller and Western Surety Company's Motion for Summary Judgment [Doc. 239]; and

5. Motion for Extension of Time to Respond to Defendants Miller and Western Surety Company's Motion for Summary Judgment [Doc. 240].

I. **PROCEDURAL BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on several § 1983 claims and the Court exercised supplemental jurisdiction over North Carolina law claims. [Doc. 13]. The deadline to amend and add parties expired on June 10, 2022, discovery closed on December 13, 2023, and dispositive motions were due by January 17, 2024. [Docs. 35, 190].

On August 21, 2023, the Plaintiff filed a "Motion to Amend Complaint and Motion to Join Parties" in which he sought leave to add claims and defendants in the future, after discovery is complete; no proposed Amended Complaint was attached to the Motion. [Doc. 145]. The Defendants filed a Response opposing the Motion on September 8, 2023 [Doc. 156], and the Plaintiff replied [Doc. 161]. Defendants Miller and Western Surety Company filed a Motion for Summary Judgment on October 16, 2023. [Doc. 176]. The Plaintiff then submitted an "Amend[ed] Complaint" that was docketed on October 20, 2023.[1] [Doc. 181].

---

[1] This document is dated October 11, 2023, and post-marked October 13, 2023.

On November 8, 2023, the Court denied the Motion to Amend and Join Parties because: no proposed Amended Complaint was attached to the Motion; the Plaintiff failed to demonstrate good cause to extend the date to amend and join parties, which had expired more than a year prior, on June 10, 2022; and the Plaintiff failed to adequately demonstrate due diligence. [Doc. 190]. On November 28, 2023, the Court granted the Defendants' Motion to Strike the Plaintiff's proposed Amended Complaint [Doc. 181] because: it was filed after the amendment deadline; the Plaintiff failed to demonstrate good cause to extend the same; the Plaintiff did not obtain written consent from the Defendants or leave of Court to file his amendment; the statute of limitations bars the assertion of claims against new defendants; and the existing Defendants would be prejudiced if new claims were added against them at this late date. [Doc. 208; see Doc. 189].

The Plaintiff filed a Motion for Summary Judgment that was docketed on December 18, 2023 [Doc. 228], and Defendants Lambert, Lewis, and May filed a Motion for Partial Summary Judgment on January 17, 2024.[2] [Doc. 245].

---

[2] The Plaintiff has already responded to Defendants Lambert, Lewis, and May's Motion for Partial Summary Judgment. [Doc. 251]. The Court will, however, issue another Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) in an abundance of caution. The Plaintiff is reminded that piecemeal responses will not be allowed. If the Plaintiff chooses to file another Response to Defendants Lambert, Lewis, and May's

Presently before the Court are multiple Motions filed by the pro se Plaintiff that will be addressed in turn.³

## II. DISCUSSION

### A. Motions for Reconsideration

The Plaintiff has filed Motions seeking reconsideration of the Court's Orders denying him leave to amend [Doc. 190] and striking his proposed Amended Complaint [Doc. 208]. [Docs. 212, 213 (Addendum), 214]. Defendants Miller and Western Surety Company oppose the Motions. [Docs. 224, 225].

Where a district court issues an interlocutory order "'that adjudicates fewer than all of the claims,' the court retains discretion to revise such order 'at any time before the entry of a judgment adjudicating all the claims.'" Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Courts "treat[ ] interlocutory rulings as law of the case" and can therefore "revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law;

---

Motion for Partial Summary Judgment, it will supersede his prior filings. See generally Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

³ The Court will not attempt to address all of the arguments contained in the Plaintiff's lengthy and repetitive filings. Any argument not specifically addressed in this Order has been considered and rejected.
4

or (3) clear error causing 'manifest injustice.'" Id. (second alteration in original) (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003)).

The Plaintiff essentially argues that the Court should have treated his October 20, 2023 Amended Complaint as though it were attached to his August 21, 2023 Motion to Amend and Join Parties because, inter alia: he was unaware of the requirements of Rule 15; he has shown good cause; he is incarcerated and ignorant of the law; he has suffered "attorney abandonment"' and justice requires the Court to allow the amendment. [Doc. 212]. Even if the Amended Complaint had been attached to the Motion to Amend and Join, it would have been denied and the Amended Complaint would have been stricken for reasons set forth by the Court, [Doc. 190], and as referenced herein. The Plaintiff has failed to demonstrate any intervening change in controlling law, or new evidence since the entry of that Order, or a clear error of law in that Order. Accordingly, his motions seeking reconsideration are denied.

**B. Discovery Motions**

In his "Motion for Modification of Discovery Guidelines Fed. R. Civ. P. 33" that was filed on November 25, 2023, the Plaintiff asks the Court to increase the number of interrogatories from 20 to 25 per party, and for

5

additional time to respond to the additional interrogatories. [Doc. 211]. He states that he conferred with counsel for Defendants Lambert, Lewis, and May before filing his Motion. Defendants Miller and Western Surety object because, inter alia: the Plaintiff did not confer with these Defendants' counsel; he has failed to demonstrate good cause for modifying the pretrial order; and he has not demonstrated that he pursued discovery diligently. [Doc. 226].

Here, the Plaintiff does not certify in the Motion that he attempted in good faith to resolve the discovery dispute with counsel for all Defendants before requesting the Court's assistance. The lack of certification alone warrants the denial of the Motion. Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied.").

Even if the Motion had been properly certified, it would still be denied. The Case Management Order sets the maximum number of interrogatories at 20. Leave of court is required so that the court may examine the circumstances before the parties propound an unreasonable number of interrogatories. Shackleford v. Vivint Solar Dev. LLC, No. 19-cv-00954-ELH,

6

Case 1:21-cv-00030-MR   Document 253   Filed 02/14/24   Page 6 of 11

2020 WL 5203340, at *5 (D. Md. Sept. 1, 2020) (citing <u>Capacchione v. Charlotte-Mecklenburg Sch.</u>, 182 F.R.D. 486, 492 (W.D.N.C. 1988)). The Plaintiff does not adequately justify his request for additional interrogatories. He essentially argues that, notwithstanding the Court's Case Management Order, the Federal Rules permit 25 interrogatories per party. This number, however, is subject to limitation by Court Order, which the Court chose to do in the instant case. <u>See</u> Fed. R. Civ. P. 26(b)(2)(A). The Plaintiff argues that Defendants Lambert, May, and Lewis consented to the Plaintiff's May 2022 request to increase the number of interrogatories from 20 to 25. [<u>See</u> Doc. 44]. Those Defendants stated no objection at that time, so long as their own interrogatories would be increased to 25 as well. However, the Plaintiff did not propose to serve such interrogatories until 18 months later—only 18 days before the close of discovery.

Moreover, the Plaintiff's actions were not only dilatory, but such interrogatories would not be timely. The Court declines to extend the discovery deadline at this late juncture. Under the Federal Rules of Civil Procedure, a party has 30 days to respond after being served with an interrogatory. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 6(d). Here, the Court directed that all discovery be completed on December 13, 2023. [<u>See</u> Doc. 190]. The Plaintiff requested leave to initiate a new round of interrogatories

just 18 days before the discovery deadline expired. [See Doc. 35 ("Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown.")]. He has failed to adequately explain why he should be granted additional interrogatories, or an extension of time to conduct them. Accordingly, the Motion is denied.

Also pending is the Plaintiff's Motion to Compel Discovery and to Modify the Pretrial Order that was filed on December 17, 2023. [Doc. 237]. He moves pursuant to Rules 33 and 37(a) for the Court to compel the Defendants to fully answer the Interrogatories, up to 25, that were attached to his prior Motion to Compel. [See Doc. 167]. Defendants Lewis, Lambert, and May oppose the motion for the same reasons that they previously raised [see Doc. 173], and because the Plaintiff filed the present motion after the discovery deadline expired and he has failed to demonstrate diligence or good cause. [Doc. 242].

This motion is, in substance, identical to the Plaintiff's prior motion to compel these answers, which motion was denied. [Doc. 190]. As such, the Plaintiff's current motion is essentially another motion for reconsideration. His present Motion is denied for the same reasons as stated previously. [See id., Doc. 242]. Moreover, the Plaintiff's motion was filed after the discovery

period closed, and he has failed to demonstrate good cause to modify the scheduling deadlines. [Id.]. Accordingly, the Plaintiff's motion to compel and to modify the pretrial order is denied.

### C. Motion for Extension of Time and to Strike

On December 19, 2023, the Plaintiff filed Motions seeking leave to strike his previously-filed Response to Defendants Miller and Western Surety Company's Motion for Summary Judgment [Doc. 239; see Doc. 176 (MSJ); Doc. 210 (Plaintiff's Response)], and seeking an extension of time to file a new Response [Doc. 240]. He argues inter alia that: he no longer has access to the Defendants' discovery responses that are essential to his claims; his Motion seeking discovery materials was denied; the Plaintiff has other proceedings that require his attention; the Court did not deny his Motion for discovery until after the summary judgment response deadline had expired; and the Court has not yet ruled on the Motion for Summary Judgment. [Docs. 239, 240]. Defendants Miller and Western Surety Company do not object to the Plaintiff's request to strike his Response; however, they do object to granting him additional time to respond. [Doc. 243, 244].

A court may, for good cause, grant an extension of time on a motion made after the time has expired because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors

such as "danger of prejudice … the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

After considering all the circumstances of the case and the arguments set forth in the Plaintiff's Motions, the Court will, in an abundance of caution, allow the Plaintiff to withdraw his Response [Doc. 210] and grant him an extension of time within which to respond to Defendants Miller and Western Surety's Motion for Summary Judgment.

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motions for Reconsideration [Docs. 212, 214; see also Doc. 213 (Addendum to Doc. 212)] are **DENIED**.

2. The Plaintiff's Motion for Modification of the Discovery Guidelines [Doc. 211] is **DENIED**.

3. The Plaintiff's Motion to Compel Discovery and to Modify the Pretrial Order [Doc. 237] is **DENIED**.

4. The Plaintiff's Motion to Strike Plaintiff's Response in Opposition to Defendants Miller and Western Surety Company's Motion for

Summary Judgment [Doc. 239], and Motion for Extension of Time to Respond to Defendants Miller and Western Surety Company's Motion for Summary Judgment [Doc. 240] are **GRANTED**.

5. The Clerk is respectfully instructed to **STRIKE** Docket Entry 210 from the Court's docket.

6. The Plaintiff may file a response to Defendants Miller and Western Surety Company's Motion for Summary Judgment [Doc. 176] pursuant to a <u>Roseboro</u> Order that will be issued separately.

**IT IS SO ORDERED**.

Signed: February 14, 2024

Martin Reidinger
Chief United States District Judge