IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00030-MR

| | |
|---|---|
| BRANDON PICKENS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| STEVEN HENDRICKS, et al., | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Reconsideration of the Court's Order Denying Plaintiff Pickens' Motion to Amend and Join Parties" [Doc. 262] and "Motion for an Extension of Time to Certify my Depositions and Motion for Order Compelling Defendants to Produce Subpoenaed Discovery" [Doc. 255].

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated,[1] addressing a January 20, 2018 traffic stop involving the Plaintiff and his passenger, Marcus Hyatt.[2] The Complaint passed initial review on § 1983 claims against Buncombe County Sheriff's

---

[1] The Plaintiff has now been released. [See Doc. 266 (Notice of Change of Address)].

[2] Hyatt and his girlfriend, Ashley Barrett, who was detained in a separate vehicle stop, filed a separate action, Hyatt v. Miller, Case No. 1:19-cv-00250-MR-WCM.

Office (BCSO) deputies J.D. Lambert, Jeff May, and Katherine Lewis.[3] [Docs. 1, 13]. The Court exercised supplemental jurisdiction over several related North Carolina claims, and for recovery on BCSO's surety bond against Western Surety Company. [Doc. 13].

On April 25, 2022, the Court entered a Pretrial Order and Case Management Plan setting the following deadlines: to amend and join parties by June 10, 2022; to complete discovery by August 19, 2022; and to file dispositive motions by September 19, 2022. [Doc. 35]. On July 11, 2022, the Court granted motions to relate the instant case to Hyatt v. Miller, Case No. 1:19-cv-00250-MR-WCM and to stay this action pending the outcome of Hyatt. [Docs. 39, 48, 50]. The Court lifted the stay on August 14, 2023, and amended the pretrial deadlines: to complete all discovery no later than September 15, 2023; and to file all motions except for motions *in limine* and motions to continue no later than October 16, 2023. [Doc. 143 at 22]. These deadlines were subsequently extended: until December 13, 2023 to complete discovery (including taking the Plaintiff's deposition), and until January 17, 2024 to file dispositive motions. [Doc. 190 at 13].

---

[3] The Complaint also passed initial review against Asheville Police Department Officer Steven Hendricks, but his Motion to Dismiss for Failure to State a Claim was granted on April 25, 2022, and the action was dismissed with prejudice as to him. [Docs. 25, 34].

On November 8, 2023, the Court denied a Motion to Amend that the Plaintiff had filed while the case was stayed. [Docs. 145, 190]. To the extent that the Plaintiff sought an extension of the amendment deadline, this was denied because the June 10, 2022 amendment deadline was long expired, and the Plaintiff failed to demonstrate good cause or due diligence. [Doc. 190 at 8-9]. The Plaintiff sought reconsideration of the Order denying him leave to amend, which was denied because the Plaintiff failed to demonstrate any grounds for relief. [Docs. 212, 213, 214; see Doc. 253 at 4-5].

The parties have now filed Motions for Summary Judgment that are ripe. [See Doc. 176 (Miller and Western MSJ); Doc. 228 (Plaintiff's MSJ); Doc. 245 (BCSO Partial MSJ)].

The Plaintiff filed the instant "Motion for an Extension of Time…" 62 days after the discovery deadline had expired, and after all of the pending Motions for Summary Judgment had been filed. [Doc. 255]. He seeks additional time to certify his deposition transcript because of a prison-related delay in receiving the same. He also seeks to compel the Defendants to produce discovery because, as a prisoner, he was not allowed to possess a flash drive containing discovery materials. [Id. at 2-3; see Doc. 255-2 (letter from counsel to Plaintiff stating: "Regarding the subpoenaed materials, we sent you a flash drive of those records, but I understand you were not allowed

3

to have it. Unfortunately, I cannot mail you copies of the materials produced in response to our subpoenas because they are voluminous.")]. The Plaintiff does not seek an extension of the dispositive motions deadlines; he has not identified any alleged errors in the deposition transcript; his release from prison removed any restrictions on possessing a flash drive; and the parties have filed and fully briefed their Motions for Summary Judgment. The Plaintiff's present requests for additional time to certify his deposition transcript and to compel the Defendants to produce discovery are, therefore, moot, and his Motion is denied.

In the "Motion for Reconsideration," the Plaintiff asks the Court to reconsider, for the second time, the denial of his Motion to Amend and Add Parties. [Doc. 262; see Docs. 145, 190, 253]. He reiterates many of his previous arguments, i.e., that the amendment deadline was stayed while the case was held in abeyance. These arguments are denied for the reasons previously discussed. [See Docs. 190, 253]. The Plaintiff's contention that the Court applied the wrong legal standard when denying his previous Motion for Reconsideration is mistaken. [See Doc. 253 (citing *inter alia* Fed. R. Civ. P. 54(b))]. The Plaintiff's contention that the Court erred in concluding that he did not timely move to extend the amendment deadline because he filed a "Motion to Relate, Motion to Amend the Court's Scheduling Order and

4

Motion to Modify the Court's Discovery Guidelines for this Case" mischaracterizes that Motion. [See Doc. 39]. The "Motion to Relate…" only seeks an extension of the discovery deadline, and not of the amendment deadline. The Plaintiff has not asserted any grounds warranting reconsideration, and his Motion is, therefore, denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion for Reconsideration of the Court's Order Denying Plaintiff Pickens' Motion to Amend and Join Parties" [Doc. 262] is **DENIED**.

2. The Plaintiff's "Motion for an Extension of Time to Certify my Depositions and Motion for Order Compelling Defendants to Produce Subpoenaed Discovery" [Doc. 255] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: August 8, 2024

Martin Reidinger
Chief United States District Judge